**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>    Plaintiff<br><br>v.<br><br>CARMEL CANYON HOMEOWNERS' ASSOCIATION,<br><br>    Defendant | Case No.: 2:16-cv-01099-APG-BNW<br><br>**Order Granting Trust's Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 50, 51] |

Plaintiff The Bank of New York Mellon (BONY) sues to determine whether a deed of trust still encumbers property located at 5852 Ponderosa Verde Place in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Carmel Canyon Homeowners' Association (Carmel).  BONY seeks a declaration that the HOA sale did not extinguish the deed of trust and it asserts alternative damages claims against Carmel[1] and Carmel's foreclosure agent, defendant G&P Enterprises Nevada, LLC.  Carmel obtained the property at the HOA foreclosure sale.  It later quitclaimed the property to defendant 5852 Ponderosa Verde Trust (Trust).

Trust moves for summary judgment, arguing BONY's declaratory relief claims are untimely.  Alternatively, Trust asserts several reasons why BONY's claim fails on the merits.  BONY opposes and also moves for summary judgment, arguing its declaratory relief claim is timely.  On the merits, BONY contends that the sale did not extinguish the deed of trust because

---

[1] BONY and Carmel resolved their dispute, so Carmel is no longer a defendant in this case. ECF No. 55.

the loan servicer and the former homeowners tendered payment on the superpriority amount before the sale. BONY alternatively contends that the sale should be equitably set aside.

The parties are familiar with the facts, so I do not repeat them here except where necessary to resolve the motions. I grant Trust's motion and deny BONY's motion because BONY's declaratory relief claim is time-barred. Because no one moved for summary judgment on BONY's damages claims against G&P Enterprises Nevada, LLC, those claims remain pending.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of America, N.A. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale took place on October 21, 2011. ECF No. 50-6 at 3. BONY filed its complaint more than four years later in May 2016. BONY's declaratory relief claim thus is untimely unless a reason exists to extend or dispense with the statute of limitations.

BONY offers several reasons why the limitation period should be tolled and incorporates by reference its arguments in response to Carmel's earlier motion to dismiss. First, BONY contends the limitation period should be tolled because of Carmel's misrepresentation about the effect of the sale.[2] Second, BONY contends Trust should be estopped from asserting the defense because after buying the property it did not seek a judicial declaration that the deed of trust was extinguished. Third, BONY notes that Trust did not file an answer and thus did not assert the statute of limitations as an affirmative defense. Finally, BONY contends that even if its claim is time-barred, that does not mean the deed of trust was extinguished. None of these reasons supports extending or dispensing with the statute of limitations.

**A. Equitable Tolling**

"Equitable tolling operates to suspend the running of a statute of limitations when the only bar to a timely filed claim is a procedural technicality." *State Dep't of Taxation v. Masco Builder Cabinet Grp.*, 265 P.3d 666, 671 (Nev. 2011). Equitable tolling "is appropriate only

---

[2] BONY also contends that there is no applicable statute of limitations or that the limitation period is governed by Nevada Revised Statutes § 106.240. I have previously rejected similar arguments in other cases. *See, e.g.*, *Bank of New York for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-OA16, Mortg. Pass-Through Certificates, Series 2006-OA16 v. Foothills at MacDonald Ranch Master Ass'n*, 329 F. Supp. 3d 1221, 1229 (D. Nev. 2018).

when the danger of prejudice to the defendant is absent and the interests of justice so require." *Id.* (quotation omitted). Nonexclusive factors to consider when determining whether it would be just to employ equitable tolling include: "the claimant's diligence, the claimant's knowledge of the relevant facts, the claimant's reliance on authoritative statements made by the administrative agency, and whether these statements misled the claimant." *Id.* at 672.

Based on these factors, there is no basis to equitably toll the limitation period. BONY knew everything it needed to know to bring its claims well before the limitation period expired. By its own allegations and evidence, BONY or its servicer knew or at least suspected that the deed of trust was in jeopardy because its servicer tendered the superpriority amount in an effort to preserve the deed of trust. Its servicer also knew that the HOA's foreclosure agent rejected that tender attempt. BONY was not diligent because despite these facts, it waited more than four years to bring suit. There is no evidence that BONY was lulled into inaction by anyone's statements, actions, or inactions.[3] I therefore decline to equitably toll the limitation period for BONY's declaratory relief claim.

**B. Equitable Estoppel**

"Equitable estoppel functions to prevent the assertion of legal rights that in equity and good conscience should not be available due to a party's conduct." *In re Harrison Living Tr.*, 112 P.3d 1058, 1061-62 (Nev. 2005) (quotation omitted). For equitable estoppel to apply:

> (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; (4) he must have relied to his detriment on the conduct of the party to be estopped.

---

[3] BONY does not address the propriety of equitably tolling the limitation period for a claim against Trust based on Carmel's allegedly inequitable conduct. Because I decline to equitably toll the limitation period, I need not address that issue.

4

*Id.* (quotation omitted). "[S]ilence can raise an estoppel quite as effectively as can words." *Id.* (quotation omitted).

BONY presents no evidence supporting equitable estoppel. BONY contends Trust did nothing after the HOA foreclosure sale to obtain a judicial declaration that the deed of trust was extinguished. But BONY does not explain why, absent some indication from the lender that it intended to challenge the HOA sale or otherwise believed its deed of trust was still enforceable, Trust's inaction could be construed as a waiver of a statute of limitations defense or should estop Trust from raising the defense. There is no evidence that Trust knew BONY or its servicer had tendered the superpriority amount. BONY does not identify anything it or its servicer did after the sale that would have put Trust on notice that Trust needed to act to clear title. There is no evidence that Trust intended for BONY to rely on its inaction or that BONY in fact so relied. Trust therefore is not equitably estopped from asserting the defense.

**C. Failure to Assert the Defense**

Trust did not file an answer, so it did not assert the statute of limitations as an affirmative defense. "[I]n the absence of a showing of prejudice . . . an affirmative defense may be raised for the first time at summary judgment." *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (quotation omitted). "There is no prejudice to a plaintiff where an affirmative defense would have been dispositive if asserted when the action was filed." *Id.* (quotation omitted). Rather, BONY "must point to a tangible way in which it was prejudiced by the delay." *Id.* at 1009 (quotation omitted).

BONY is not prejudiced because Trust could have raised the statute of limitations defense at the outset. BONY has not identified any tangible way it is prejudiced by Trust asserting the defense for the first time at summary judgment.

5

### D. Effect on the Deed of Trust

Because BONY's declaratory relief claim is untimely, I grant Trust's motion for summary judgment and deny BONY's motion for summary judgment. Trust did not file a counterclaim. Thus, I rule only that BONY's declaratory relief claim is untimely. The consequence is that BONY may not pursue its declaratory relief claim in a judicial action. But that does not result in cancellation of the deed of trust, nor does it preclude the possibility of BONY pursuing a nonjudicial foreclosure to which no statute of limitations applies. *See Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Tr.*, 401 P.3d 1068, 1070-71 (Nev. 2017) (en banc).

### E. Remaining Claims

No party moved for summary judgment on BONY's damages claims against G&P Enterprises Nevada, LLC. Those claims therefore remain pending.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 50) is DENIED**.

I FURTHER ORDER that defendant 5852 Ponderosa Verde Trust's motion for summary judgment **(ECF No. 51) is GRANTED**. Plaintiff Bank of New York Mellon's declaratory relief claim against defendant 5852 Ponderosa Verde Trust is time-barred.

DATED this 6th day of October, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE